# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDDIE JEROME MILLS,<br><br>    Petitioner,<br><br>v.<br><br>ANDRE MATEVOUSIAN,<br><br>    Respondent. | Case No.: 1:18-cv-00228-JLT (HC)<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS<br><br>[21-DAY OBJECTION DEADLINE] |

Petitioner is in the custody of the Bureau of Prisons at the United States Penitentiary in Atwater, California. He filed the instant federal petition on February 15, 2018, challenging his conviction pursuant to 28 U.S.C. § 2241. Because Petitioner does not satisfy the savings clause in 28 U.S.C. § 2255 which would allow Petitioner to challenge his conviction by way of § 2241, the Court will recommend that the instant petition be **DISMISSED**.

## BACKGROUND

On January 22, 2008, Petitioner was sentenced in the United States District Court for the Western District of Michigan to a term of 252 months plus a consecutive term of 84 months after being convicted of five counts of armed bank and credit union robbery and one count of brandishing a

firearm during a crime of violence. (Doc. 1 at 2.[1]) Petitioner states he appealed his conviction. (Doc. 1 at 2.) Petitioner also sought collateral relief in the United States District Court for the Western District of Michigan. He claimed his sentence was illegally enhanced under Section 924(e). (Doc. 1 at 2.) The Michigan District Court denied relief on July 27, 2016. (Doc. 1 at 2.) Petitioner appealed to the Sixth Circuit Court of Appeals, and the appeal is still pending. (Doc. 1 at 2.)

Petitioner now brings this habeas petition challenging his conviction. He claims the indictment was defective because the government failed to charge each and every element of the offense. (Doc. 1 at 3.)

**DISCUSSION**

A federal prisoner who wishes to challenge the validity or constitutionality of his federal conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988); see also Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir.2006), *cert. denied*, 549 U.S. 1313 (2007). In such cases, only the sentencing court has jurisdiction. Tripati, 843 F.2d at 1163. Generally, a prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991); Tripati, 843 F.2d at 1162; see also United States v. Flores, 616 F.2d 840, 842 (5th Cir.1980).

In contrast, a prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241 in the district where the petitioner is in custody. Stephens, 464 F.3d at 897; Hernandez v. Campbell, 204 F.3d 861, 864-65 (9th Cir.2000) (per curiam). "The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention, and that restrictions on the availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241." Stephens, 464 F.3d at 897 (citations omitted).

Nevertheless, an exception exists by which a federal prisoner may seek relief under § 2241 if he can demonstrate the remedy available under § 2255 to be "inadequate or ineffective to test the

---

[1] Page references are to ECF pagination.

validity of his detention." United States v. Pirro, 104 F.3d 297, 299 (9th Cir.1997) (quoting 28 U.S.C. § 2255); see Hernandez, 204 F.3d at 864-65. The Ninth Circuit has recognized that it is a very narrow exception. Ivy v. Pontesso, 328 F.3d 1057, 1059 (9th Cir.2003). The remedy under § 2255 usually will not be deemed inadequate or ineffective merely because a prior § 2255 motion was denied, or because a remedy under that section is procedurally barred. See Aronson v. May, 85 S.Ct. 3, 5 (1964) (a court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.); Tripati, 843 F.2d at 1162-63 (a petitioner's fears of bias or unequal treatment do not render a § 2255 petition inadequate).

The Ninth Circuit has held that Section 2255 provides an 'inadequate and ineffective' remedy (and thus that the petitioner may proceed under Section 2241) when the petitioner: (1) makes a claim of actual innocence; and, (2) has never had an 'unobstructed procedural shot' at presenting the claim. Stephens, 464 F.3d at 898. The burden is on the petitioner to show that the remedy is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir.1963).

In this case, Petitioner is challenging the validity and constitutionality of his conviction as imposed by the United States District Court for the Western District of Michigan, rather than an error in the administration of his sentence. Therefore, the appropriate procedure would be to file a motion pursuant to § 2255 in the Western District of Michigan, not a habeas petition pursuant to § 2241 in this Court. The Court finds that a remedy under § 2255 is unavailable because Petitioner has had an unobstructed procedural opportunity to present his claims, and he does not present a claim of actual innocence.

First, Petitioner has had multiple opportunities to present his claims to the sentencing court. He states that he recently petitioned for collateral relief and the petition was denied on July 27, 2016. The factual basis for his claims—that the indictment did not charge the second element of the offense and failed to specify which subsection of 18 U.S.C. § 2 with which he was charged—was known to him or should have been known to him prior to the filing of his motion. The legal basis for his claims, that the trial court lacked subject matter jurisdiction because of a defective indictment, was available to him at the time of trial. Petitioner has not shown that he was precluded from presenting his claims on direct appeal or in his petitions for collateral relief. In addition, the Court notes that a remedy is

available in the Sixth Circuit Court of Appeal where Petitioner currently has a case pending which challenges his conviction. Therefore, he has failed to demonstrate that he has not had an unobstructed procedural opportunity to present his claims.

In addition, Petitioner has failed to demonstrate that his claims qualify under the savings clause of Section 2255 because his claims are not proper claims of "actual innocence." In the Ninth Circuit, a claim of actual innocence for purposes of the Section 2255 savings clause is tested by the standard articulated by the United States Supreme Court in <u>Bousley v. United States</u>, 523 U.S. 614 (1998). <u>Stephens</u>, 464 U.S. at 898. In <u>Bousley</u>, the Supreme Court explained that, "[t]o establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." <u>Bousley</u>, 523 U.S. at 623 (internal quotation marks omitted). Petitioner bears the burden of proof on this issue by a preponderance of the evidence, and he must show not just that the evidence against him was weak, but that it was so weak that "no reasonable juror" would have convicted him. <u>Lorentsen</u>, 223 F.3d at 954. In this case, Petitioner makes no claim of being factually innocent of armed bank robbery or brandishing a weapon. Under the savings clause, Petitioner must demonstrate that he is actually innocent of the crime for which he has been convicted. See <u>Ivy</u>, 328 F.3d at 1060; <u>Lorentsen</u>, 223 F.3d at 954 (to establish jurisdiction under Section 2241, petitioner must allege that he is "'actually innocent' of the crime of conviction"). Therefore, the instant § 2241 petition does not fit within the exception to the general bar against using Section 2241 to collaterally attack a conviction or sentence imposed by a federal court. See <u>Stephens</u>, 464 F.3d at 898-99 (concluding that, although petitioner satisfied the requirement of not having had an "unobstructed procedural shot" at presenting his instructional error claim under <u>Richardson v. United States</u>, 526 U.S. 813, 119 (1999), petitioner could not satisfy the actual innocence requirement as articulated in <u>Bousley</u> and, thus, failed to properly invoke the escape hatch exception of Section 2255).

Accordingly, the Court concludes that Petitioner has not demonstrated that Section 2255 constitutes an "inadequate or ineffective" remedy for raising his claims. Section 2241 is not the proper statute for raising Petitioner's claims, and the petition should be dismissed for lack of jurisdiction.

**ORDER**

the Court **ORDERS** that a United States District Judge be assigned to this case.

**RECOMMENDATION**

Accordingly, the Court **RECOMMENDS** that the Petition for Writ of Habeas Corpus be **DISMISSED** for lack of jurisdiction.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty-one days after being served with a copy of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the Objections shall be served and filed within ten court days after service of the Objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **February 21, 2018**     **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE